**Seeta MOORE, Plaintiff,**

v.

**HARRIS CORPORATION, Defendant.**

**No. 91–389–CIV–ORL–22.**

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 23, 1993.

Timothy M. Ingram, Alpizar & Gray, P.A., Palm Bay, FL, for plaintiff.

Jack R. Elliott, Cabaniss, Burke & Wagner, P.A., Orlando, FL, for defendant.

## MEMORANDUM DECISION

CONWAY, District Judge.

This cause is before the Court after trial. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law. Plaintiff, Seeta Moore, brought this action seeking to recover benefits from Defendant, Harris Corporation, under the terms of her Employee Benefits Plan. This Court has jurisdiction because this action is brought pursuant to the Employee Retire-ment Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Plaintiff was employed by Harris Corporation in June 1984. Defendant provided its employees with certain employee benefits including insurance benefits as specified in the "Harris Corporation Employee Benefits Plan Booklet." Plaintiff was eligible for long-term disability ("LTD") coverage and, in fact, received LTD benefits from August 14, 1986 through October 31, 1989, stemming from an injury she received in March 1986. On October 31, 1989, Defendant's Plan Administrator terminated Plaintiff's LTD benefits.

Plaintiff brought this action contending that Defendant wrongfully terminated her LTD benefits because she was and is "totally disabled" from October 31, 1989 to the date of trial and continuing, as the term "total disability" is defined in Defendant's Employee Benefits Plan.

Defendant claims that the decision to discontinue Plaintiff's LTD benefits under the Plan was made by Equicor, the Plan Administrator and that in any event, Plaintiff was not "totally disabled" from October 31, 1989 on.

The parties list the following Issues of Fact to be determined by the Court after trial:

a. Whether Plaintiff was 'totally disabled' on October 31, 1989 as that term is defined in Defendant's Employee Benefits Plan and/or the summary plan description.

b. Did Equicor, Defendant's Plan Administrator, have sufficient grounds to deny Plaintiff further coverage under Defendant's Plan?

c. Whether Plaintiff remained 'totally disabled' as that term is defined in Defendant's Employee Benefits Plan and/or the summary plan description.

d. If Plaintiff was 'totally disabled' on October 31, 1989, but is not presently 'totally disabled', when did Plaintiff fail to satisfy the definition of 'total disability' as defined under the Plan and/or the summary plan description.

e. The amount of money Plaintiff has received from any and all collateral sources, and the deductibility of these collateral source payments from any benefits to which Plaintiff may be entitled.

f. What benefits, if any, Plaintiff is entitled to under Defendant's Employee Benefits Plan and/or the summary plan description.

g. The amount of attorney's fees, if any, that should be awarded to Plaintiff's counsel if Plaintiff is the prevailing party.

The following Issues of Law are listed by the parties:

a. Whether Defendant Harris is liable for the actions of its Plan Administrator, and if so, the nature and extent of Defendant's liability.

b. Whether Defendant's Plan Administrator, Equicor, was entitled to terminate Plaintiff's long-term disability benefits under its Employee Benefits Plan on October 31, 1989.

c. Whether Defendant's Plan Administrator was obligated to continue providing Plaintiff with long-term disability benefits under its Employee Benefits Plan after October 31, 1989.

d. If Plaintiff proves to be disabled as that term is defined under the Plan, whether Plaintiff will be employable under the requirements of the Americans with Disabilities Act.

e. The extent to which the Summary Plan Description controls entitlement to benefits in this action.

f. The amount of benefits, if any, to which Plaintiff is entitled.

g. The amount of attorney's fees, if any, that should be awarded to Plaintiff's counsel if Plaintiff is the prevailing party.

h. The admissibility of any prior workers' compensation determinations regarding Plaintiff's claims.

i. Whether this Court must or may make a *de novo* determination of Plaintiff's disability status.

j. The deductibility of any and all collateral source payments that Plaintiff has received.

Under the Plan, the first two years carry a definition of "total disability", which is commonly referred to as an "own occupation" definition of total disability, meaning that the employee is incapable of returning to his/her prior employment. Following this initial two year period, the definition of "total disability" changes to what is commonly referred to as an "any occupation" definition of total disability, meaning that the employee is incapable of engaging in any occupation, taking into consideration his/her training, education, background or experience.

On October 3, 1989, Plaintiff was notified by letter that her LTD benefits would be terminated effective October 31, 1989. The reason for termination of LTD benefits was that Plaintiff did not meet the definition of totally disabled under the "any occupation" of total disability. (Plaintiff Exh. 6)

■ Initially, the Court must determine whether the applicable standard of review is the *de novo* standard or the arbitrary capricious standards. The United States Supreme Court in *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) held:

Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator a fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

*Id.*, 489 U.S. at 115, 109 S.Ct. at 956. Thus, the *de novo* standard of review applies unless the benefit Plan expressly or specifically gives the administrator of the Plan discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

The Summary Plan Description (Plaintiff Exh. 1) provides, in pertinent part:

1. *PLAN SPONSOR*

Harris Corporation is the sponsor of all your benefit Plans. (Plaintiff Exh. 1 at p. 63).

#### 2. *PLAN ADMINISTRATOR*

Harris Corporation is the official Plan Administrator of all the benefit Plans it provides.... Questions and correspondence concerning the plans or booklets describing them may be directed to your local personnel department or to:

Corporate Human Resources Department

Harris Corporation

Melbourne, Florida 32919

Telephone (305) 727–9100

(Plaintiff Exh. at 63)

#### 3. *PLAN LEGAL MATTERS*

As agent for service of legal process, Harris Corporation should be contacted concerning all plan matters of a legal nature. When welfare benefits are provided through a group insurance contract, legal process may also be served on the insurance company for disputes that arise from the terms of the contract. (Plaintiff Exh. 1 at 63).

#### 4. *PLANS FOR THE FUTURE*

Harris expects to continue the benefit plans it provides, but does reserve the right to amend or terminate any of the plans if it becomes necessary.

Reasons for plan termination would include but not be limited to a plant closing or a sale of a business segment. Upon plan termination, Harris would honor all claims incurred prior to the termination date.... (Plaintiff Exh. 1 at 6)

#### 5. *HOW TO APPEAL A DENIED CLAIM FOR A BENEFIT*

These are the steps you ... can take to appeal a denied claim for either a retirement or welfare benefit.... If your claim for a welfare benefit is denied, you must request a review from the insurance company covering the plan. (Plaintiff Exh. 1 at 64).

#### 6. *PLAN FUNDING*

... Your long-term disability benefits are self-funded. Assets of the plan are held in a tax-exempt trust. Traveler acts as the administrator of the long-term disability claims.... (Plaintiff Exh. 1 at 64)

The Defendant Harris Corporation has not cited the Court to any language other than that in the Summary Plan Description. Because the Summary Plan Description does not expressly or specifically give the insurance company administering the plan discretionary authority to determine eligibility for benefits, this Court must use a *de novo* standard to review the denial of LTD benefits to Plaintiff.[1]

■ However, whether reviewing the evidence presented in this case on a *de novo* basis or using an arbitrary and capricious standard, Plaintiff was incapable of engaging in any occupation, taking into consideration her training, education, background and experience on October 31, 1989, when her benefits were terminated. There is no evidence to support a denial prior to June 1992 when Defendant received an opinion from Ellen Fernandez, a vocational rehabilitation expert, that Plaintiff was capable of returning to some employment on a part-time basis. (Plaintiff Exh. 22) Any decision prior to that time was arbitrary and capricious since not based on substantiated evidence of not only her medical condition but of her ability to engage in employment with the physical limitations placed on her and her mental condition. As a matter of law, therefore, Plaintiff is entitled to LTD benefits from October 31, 1989 to June 15, 1992. *See Gunderson v. W.R. Grace & Co.*, 874 F.2d 496 (8th Cir.1988); *Jenkinson v. Chevron Corp.*, 634 F.Supp. 375 (N.D.Cal.1986).

Plaintiff suffered from chronic back pain. Additionally, she was diagnosed by Dr. Hunt, her psychiatrist, as having clinical depression, anxiety and stress. Dr. King, her primary treating physician, placed her on significant physical limitations. Defendant seems to think that the lack of objective findings is dispositive of the issue of whether Plaintiff is able to engage from a physical standpoint in any occupation taking into consideration her education, background, training and experi-

---

1. The Summary Plan provides that Harris Corporation is the Plan Administrator. Travelers (later Equicor) was only "acting" as the LTD Plan Administrator. (Plaintiff Exh. 1 at 64)

ence. This position is not supported by substantial competent evidence.

The question remains, then, whether at the time of trial, Plaintiff was entitled to receive LTD benefits under the "any occupation" definition.

The vocational rehabilitation expert, Ellen D. Fernandez, saw Plaintiff in October 1989, when she was hired by Plaintiff's counsel to evaluate Plaintiff for purposes of her workers' compensation hearing. At that time, Ms. Fernandez found that Plaintiff was "not a candidate for retraining or for vocational rehabilitative services ..." (Attachment 1 to Plaintiff Exh. 22) Ms. Fernandez again evaluated Plaintiff at the request of defense counsel and pursuant to Court Order on June 12, 1992.

Ms. Fernandez noted that "[i]t has now been six years since her work related injury in 1986, and she was declared permanently and totally disabled with regard to workers' compensation in 1989. Ms. Moore has not worked since her injury in 1986, and she has undergone a variety of medical treatment, including psychiatric treatment. Most recently, Ms. Moore has participated in the back stabilization program at Health South, which she completed in November, 1991." (Attachment 2 to Plaintiff Exh. 22) Ms. Fernandez concludes that "[i]n light of the improvements noted by Ms. Moore, as well as her statement that she now felt ready to try to return to some type of employment, it appears that Ms. Moore is capable of attempting to return to part-time work, in a sedentary or light duty capacity, which would allow her to change her position at will...." (Attachment 2 to Plaintiff Exh. 22, p. 2) Fernandez recognized that Plaintiff was not able to do any of the jobs she had held previously. The testimony presented does not, in this Court's view, support the conclusion given by this witness.

In order to evaluate Plaintiff's disability, it is necessary to view her medical condition in conjunction with her mental disability as well as her background, training and experience. Equicor, at the time it decided to terminate her LTD benefits, looked at each factor separately rather than their effect on her ability to work as a whole. Had they viewed her medical condition and mental condition together, they should have found her to be disabled under the "any occupation definition."

After having carefully reviewed all the evidence presented, including the medical records and doctors' depositions and the testimony of witnesses at trial, the Court concludes that the decision to terminate Plaintiff's long-term disability benefits is not supported by competent substantial evidence. At the time of trial as well as all earlier relevant times, Plaintiff was totally disabled from any and all occupations, taking into consideration her training, education, background and experience.

Plaintiff, therefore, is entitled to LTD benefits from November 1, 1989 through the date of the final judgment, in the amount of $100 a month. Defendant shall continue to pay LTD benefits from that date forward as provided under the LTD Plan. Defendant Harris Corporation is liable in damages since Harris Corporation is the sponsor of this self-funded plan.

Defendant raises as a legal issue the question of whether the Americans with Disabilities Act precludes this claim. By raising this issue, Defendant apparently contends that Plaintiff cannot be entitled to LTD benefits because any employer would be required to accommodate her disabilities. Defendant, however, is not willing to re-employ her in her condition. This argument is frivolous and merits no further discussion.

The testimony presented indicated that the sum of $100 monthly took into account the fact that Plaintiff was receiving workers' compensation benefits. The legal briefs submitted by the parties did not adequately address the application of the collateral source rule to this case. Therefore, the parties shall, within 20 days of the date of this Order, submit a legal memorandum addressing the issue of whether the collateral source rule requires that any sum be set off from the damages to be awarded.

Plaintiff shall submit a proper motion for attorney's fees.